UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 JAN 26 PM 1:19
N.D. OF ALABAMA

KENNETH F. SEALE, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-3381-NE
)
MEAD CORPORATION and )
LAMBERT, INC., )
)
    Defendants. )

ENTERED
JAN 26 2000

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to remand. (Doc. No. 3.) Upon consideration of the motion, accompanying brief, defendant Mead Corporation's response, and the pleadings, this court finds that plaintiff's motion is due to be granted.

### I. BACKGROUND

Seale, an Alabama resident, originally instituted this action in the Circuit Court of Jackson County, Alabama, on November 17, 1999. (*See* Complaint, attached as Exhibit "A" to Notice of Removal (Doc. No. 1).) Mead Corporation ("Mead") is an Ohio corporation with its principal place of business in Dayton, Ohio. (*See* Notice of Removal ¶ 5.) Lambert, Inc. ("Lambert"), is an Alabama corporation. (*See id.*) Seale was an employee of Lambert at all times relevant to this lawsuit. (*See* Complaint ¶ 4.)

In his complaint, Seale alleges that Mead and Lambert must compensate him for physical injuries sustained while working on Mead's premises for Lambert. Seale contends he suffered second and third degree burns to his feet from exposure to chemicals located on Mead's premises. (See id.) Seale alleges Mead is liable to him under the law of the State of Alabama on numerous grounds: premises liability, negligence, wanton misconduct, negligent failure to warn, wanton failure to warn, negligent maintenance, and wanton maintenance. (See id. at Counts One through Seven.) Seale further contends Lambert owes him worker's compensation benefits for the injuries to his feet. (See id. at Count Eight.)

Mead petitioned this court for removal on December 22, 1999. It justified removing the action on the basis that Seale had fraudulently joined Lambert, a non-diverse defendant, to defeat diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[1] Seale moved to remand the action to state court on January 11, 2000, contending that Lambert had not been fraudulently joined.

---

[1] 28 U.S.C. § 1441(a) permits removal of any action over which a federal district court can exercise original jurisdiction. 28 U.S.C. § 1332(a)(1) grants original jurisdiction to federal district courts over actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." Complete diversity of citizenship is required under that statute, i.e., no plaintiff can be a citizen of the same state as any defendant. See generally Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

2

## II. DISCUSSION

Federal Rule of Civil Procedure 20(a) establishes a plaintiff's right to join defendants under certain circumstances:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (permissive joinder). Joinder of a particular defendant under Rule 20(a) will be deemed fraudulent if it is done solely to defeat diversity jurisdiction, thereby divesting a federal district court of original jurisdiction. Traditionally, courts have deemed a joinder fraudulent in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1999) (citations omitted). Mead does not contend that the circumstances surrounding this action fall under either situation described. Rather, Mead claims that Seale's joinder of Lambert is fraudulent under the Eleventh Circuit's holding in *Tapscott v. MS Dealer*

3

*Service Corporation*, 77 F.3d 1353 (11th Cir. 1996).

The *Tapscott* court articulated a third situation in which joinder of a non-diverse defendant would <u>not</u> destroy diversity jurisdiction: "[W]here a diverse defendant is joined with a non[-]diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non[-]diverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1360). The *Tapscott* court affirmed the decision of the trial court to retain diversity jurisdiction, because the misjoinder of certain non-diverse defendants was so errant as to rise to the level of fraudulent joinder. See *Tapscott*, 77 F.3d at 1360 ("We do not hold that mere misjoinder is fraudulent misjoinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.").

The facts leading to the decision in *Tapscott* pose no similarity to the facts now before this court. In *Tapscott*, plaintiffs essentially attempted to consolidate two distinct class actions in an attempt to destroy diversity jurisdiction. Within one amended complaint, plaintiffs stated claims against numerous

4

defendants, both diverse and non-diverse, for alleged violations of Alabama Code §§ 5-19-1, -19, 20. One claim focused on "the sale of 'service contracts' on automobiles sold and financed in Alabama." *Id.* at 1355. Another claim dealt with "the sale of 'extended services contracts' in connection with the sale of *retail products.*" *Id.* (emphasis in original). The Eleventh Circuit named the first putative class the "automobile" class and the second putative class the "merchant" class. *See id.* at 1360. It noted that there was no diversity with respect to the "automobile" class, but there was complete diversity with respect to the "merchant" class. Because the alleged transactions involved in the "automobile" class were "wholly distinct" from those involved in the "merchant" class, the Eleventh Circuit affirmed the trial court's decision to remand the claims pertaining to the "automobile" class and retain the claims pertaining to the "merchant" class. *See id.* at 1360 (endorsing trial court's finding that joinder bordered on being a "sham").

Mead argues on the basis of *Tapscott* that Lambert was joined fraudulently, because the worker's compensation claim of Seale against Lambert has "no real connection" to the premises liability claims pending against Mead. As support for that argument, Mead

5

cites a number of cases in which Alabama state courts have severed worker's compensation claims from tort claims. *See, e.g., Raines v. Browning-Ferris Industries of Alabama, Inc.*, 638 So. 2d 1334, 1337 (Ala. Civ. App. 1993) ("We note, however, that the usual procedure where a claimant has filed a Complaint seeking both workmens' compensation and tort relief is for these two claims to be severed.").[2] This court is not convinced that severance of claims with respect to a single defendant in a state court proceeding is analogous to removal of an action involving non-diverse parties. *Cf.* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Under the facts of this case, a presumption in favor of severance does not operate to confer diversity jurisdiction on this court through the doctrine of fraudulent joinder.

---

[2] In all of those cases, an employee sued the employer <u>both</u> in tort and for worker's compensation. In two of those cases, the employee sued both the employer and a co-employee in tort. *See Lowman v. Piedmont Executive Shirt Manufacturing Company*, 547 So. 2d 90 (Ala. 1989) (fraud, conspiracy to defraud, and outrage); *Raines v. Browning-Ferris Industries of Alabama, Inc.*, 638 So. 2d 1334 (Ala. Civ. App. 1993) (failure to provide a safe place to work). The situation is different here, where Seale has sued Lambert in his capacity as an employee and Mead in his capacity as a business-invitee.

This court fails to comprehend why Mead did not follow that procedure once Mead filed his suit in state court, *i.e.*, move to sever under Ala. R. Civ. P. 21 and the aforementioned case law, then remove its action to this court based on diversity. *But see Priest v. Sealift Services International, Inc.*, 953 F. Supp. 363, 363-64 (N.D. Ala. 1997) (Acker, J.) (noting "several insurmountable jurisdictional hurdles" in attempting to remove after severance).

6

Simply put, there is nothing fraudulent in Seale's joinder of Lambert. His claims for relief do not meet the narrow "egregious misjoinder" standard articulated by the Eleventh Circuit in *Tapscott*. Seale's pleading complies with the requirements of Rule 20(a): He seeks alternative types of relief from Mead and Lambert, which arise out of the same occurrence. Further, these claims showcase common questions of fact, particularly with respect to the extent of Seale's alleged injuries and damages. In sum, Seale has an ample basis for suing Mead and Lambert in one action.

### III. CONCLUSION

For the foregoing reasons, this court finds that Lambert has not been fraudulently joined in this action. Because complete diversity of the parties does not exist under 28 U.S.C. § 1332(a)(1), this court lacks original jurisdiction. Therefore, this action is due to be remanded to the Circuit Court of Jackson County, Alabama. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **26th** day of January, 2000.

_____
United States District Judge